**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MIKKI PRUETT, on behalf of herself and others similarly situated,

Plaintiff,

v.

PACER STAFFING LLC,

Defendant.

Case No.: 3:26-cv-01486-BTM-JAC

**ORDER GRANTING MOTION TO REMAND**

**[ECF NO. 15]**

Pending before the Court is Plaintiff Mikki Pruett's motion to remand. For the reasons stated below, the motion is granted.

## BACKGROUND

Defendant Pacer Staffing LLC ("Pacer") filed a Notice of Removal on March 9, 2026. Pacer alleges jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which requires over $5 million in controversy. Plaintiff seeks to certify a class of employees allegedly denied overtime payments. Plaintiff also seeks waiting time penalties on behalf of the proposed class.

Pacer calculates that 701 potential class members could be owed waiting time penalties. Pacer then assumes that if those employees are owed waiting time penalties at the alleged hourly rate of pay, "the amount in controversy for waiting time penalties is at least $5,176,744."

Plaintiff, however, challenges Pacer's calculation process. According to Plaintiff, documentation disclosed by Pacer in mediation revealed that there were only about 68 employees owed waiting time penalties. That reduction, Plaintiff argues, would reduce the amount in controversy for waiting time penalties to $1,293,463. Under that calculation, Pacer would fail to satisfy CAFA's $5 million threshold.

Pacer disputes Plaintiff's characterization of the mediation documents. According to Pacer, the reduced class size (the 68 employees) cited in mediation was a settlement position or an argument. Pacer was not, it claims, conceding that 68 was the class size for waiting time penalties. Thus, Pacer argues, the entire class size must still be considered when viewing the potential amount in controversy.

## LEGAL STANDARDS

When a plaintiff contests the amount in controversy, evidence is required to satisfy the requirement. *Rodriguez v. Gen. Dynamics Info. Tech., Inc.*, 2025 U.S. Dist. LEXIS 217389, *5 (S.D. Cal. Nov. 4, 2025). The defendant must carry the burden of showing that the evidence satisfies the requirement. *Stern v. RMG Sunset, Inc.*, 2018 U.S. Dist. LEXIS 85021, *5-6 (S.D. Cal. May 21, 2018). "The parties may submit

evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal. Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quotation marks and citation omitted).

**DISCUSSION**

The parties dispute whether the email from their mediation attempts can be considered by the Court as evidence of the purported class size. The Court need not resolve that question because the email does not purport to state or concede that the class size is 68 (instead of 701). *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974-75 (9th Cir. 2007) (declining to decide whether the California mediation privilege applied). The Court agrees that the email should be considered advocacy, rather than a statement or concession of the class size. *See* (ECF No. 16 at 14-15).

In any case, the parties' briefing plainly raises the question whether Pacer has provided sufficient evidence for the Court to find by a preponderance of the evidence that 701 is a reasonable estimate of the class size for waiting time penalties. It has not. Pacer's briefing and attorney's declaration detail how Plaintiff may be different from many other employees. For example, Pacer's attorney's declaration suggests that Pacer has "dissimilar employees" to Plaintiff—and those employees "worked at numerous other client companies, used different timekeeping systems, had different pay structures, and many had no per diem payments at all." (ECF No. 16-1 at 3). Indeed, Plaintiff's amended complaint asserts that members of the purported class may *not* be entitled to waiting time penalties. (ECF No. 1-2 at 13).

The fatal flaw with Pacer's submission is that it does not tie the alleged class size for waiting time penalties to any reasonable estimate of employees owed waiting time penalties. Pacer *assumes* all separated employees are owed waiting time penalties, but it concedes many employees might be dissimilar to Plaintiff and thus

*not* entitled to them. The amended complaint also explicitly recognizes that some separated employees may *not* be owed waiting time penalties.

Thus, Pacer has not carried its burden of proving that 701 is a reasonable estimate of the class size for waiting time penalties. *See Harris v. KM Indus., Inc.*, 980 F.3d 694, 702 (9th Cir. 2020) (ruling that the defendant did not satisfy its "burden of proving the statutory amount in controversy" because it did not "provide *any* evidence to support its assumption that all 442 Hourly Employee Class members were the same as the members of the Meal Period Sub-Class or the Rest Period Sub-Class or that they all worked shifts long enough to qualify for meal or rest periods"); *Dunn v. SHC Servs.*, No. 21-cv-00744-NONE-SAB, 2021 U.S. Dist. LEXIS 214021, *54 (E.D. Ca. Nov. 4, 2021) (ruling similarly that the defendant failed to prove "its waiting time penalties calculation by a preponderance of the evidence"); *Castaneda v. Hungry Man, Inc.*, No. 19-8441-JFW(JPRx), 2020 U.S. Dist. LEXIS 90961, *9 (C.D. Cal. 2020) ("Defendant's assumption that every putative class member received their final paycheck thirty days late is not supported by any evidence and is far too speculative to demonstrate that the amount in controversy requirement has been met."). Because Pacer's calculation of waiting time penalties underlies its attempt to satisfy CAFA's $5 million amount-in-controversy threshold, Pacer has necessarily failed to carry its burden of proving that the threshold had been met. Pacer's time-of-removal argument is plainly meritless because the Court's ruling is based on Pacer's attempt to satisfy the amount in controversy on the day of removal.

28 U.S.C. § 1447(c) grants courts discretion to award attorney's fees when remanding a case. "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The Court will award attorney's fees. At the time it filed its notice of removal, it should have been clear to Pacer under *Harris v. KM Indus., Inc.*, 980 F.3d 694, 701-02 (9th Cir. 2020), that it needed to ground the class size for waiting time penalties in reasonable assumptions.

It failed to do so, and thus Plaintiff had to waste time in filing a motion to remand.

The Court finds reasonable counsel's hourly rate, as other courts have, and finds reasonable the number of hours worked. The Court will thus grant the fees as requested.

## CONCLUSION

For the reasons stated, Plaintiff's motion to remand is granted. This matter is remanded to the Superior Court of California, County of San Diego. Plaintiff is awarded $9,425 in attorney's fees, which shall be paid to Plaintiff within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED**.

Dated: November 23, 2026

Honorable Barry Ted Moskowitz
United States District Judge